USDC Appeal: 2:20-cv-07298-JWH

_____

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

_____

In re CRESCENT ASSOCIATES, LLC, Debtor

_____

CRESCENT ASSOCIATES, LLC, plaintiff
vs.
EPCO CONSULTANTS, INC., defendant

_____

Appeal from the United States Bankruptcy Court
Bankruptcy Case no. 2:18-bk-20654-WB
Adversary Proceeding No. 2:19-ap-01199-WB

_____

## APPELLANT'S OPENING BRIEF

_____

JOSEPH DANESHRAD, Esq. (SBN: 147709)
DANESHRAD LAW FIRM APC
12400 Wilshire Boulevard Suite 400
Los Angeles, CA 90025-1030
Telephone: 310-447-3544
Fax: 310-447-3553
Email: daneshrad@yahoo.com

GARY R. WALLACE, ESQ. (SBN: 132214)
LAW OFFICE OF GARY R. WALLACE
10801National Boulevard, Suite 100
Los Angeles, California 90064
Telephone: 310-571-3511
Email: garyrwallace@ymail.com

# TABLE OF CONTENTS

**Page**

I.  STATEMENT OF JURISDICTION…………………………………… 1

II.  STANDARD OF REVIEW…...…….………………………...……..1

III. STATEMENT OF ISSUES……………………………...………..2

IV. STATEMENT OF THE CASE……………………………………….2

    A.  Background Facts……………………………………………2

    B.  The Summary Judgment Motion…………………………….3

V.  ARGUMENT ...................................................................................3

    A.  The Standard for Evaluating a Summary Judgment Motion...........3

    B.  California State Law Governs Evaluation of the Issues
        Raised by Crescent in the Motion…………………….……  4

    C.  The Bankruptcy Court Erred in Finding That Epco Did Not
        Satisfy the Eligibility Criteria for a Mechanic's Lien. ...............4

        1.  Mechanic's Liens in General……………...…………..……4

        2.  Persons Entitled to Record Mechanic's Liens. .....................5

        3.  The Bankruptcy Court's Analysis of the Eligibility Issue
           for Recording Mechanic's Liens Was Prejudicially
           Erroneous. ........................................................................5

    D.  The Bankruptcy Court Erred in Finding that the Doctrine
        of Judicial Estoppel Barred Epco From Asserting Valid
        Mechanic's Liens…………………………………………….8

        1.  The Doctrine........................................................................8

        2.  Crescent Acknowledged in its Moving Papers that
           Epco's Mechanic's Liens are Supported by a Debt
           of at Least $40,000........................................................9

        3.  The Safyari Declaration Raised a Genuine Issue of
           Material Fact Regarding the Existence of an
           Underlying Debt Owed to Epco........................................9

    E.  The Bankruptcy Court's Errors Constituted Clear Error Which
        Mandate Reversal of the Judgment. ..........................................11

VI.  CONCLUSION...............................................................................11

## <u>TABLE OF AUTHORITIES</u>

**Federal Cases**                                    **Page(s)**

<u>Anderson v Liberty Lobby, Inc.</u>,
477 U.S. 242 (1986)................................................................4

<u>Baughman v. Walt Disney World Co.</u>,
685 F.3d 1131, 1133 (9th Cir. 2012) ........................................9

<u>In re Int'l Fibercom, Inc.</u>,
503 F.3d 933, 940 (9th Cir. 2007) ...........................................1

<u>Murray v. Bammer (In re Bammer)</u>,
131 F.3d 788, 792 (9th Cir. 1997) ...........................................1

<u>New Hampshire v. Maine</u>,
532 U.S. 742, 749 (2001)..........................................................9


**Federal Statutes**                                 **Page(s)**

28 U.S.C.
§ 157(a) and (b) .......................................................................1

28 U.S.C.
§ 158(a).....................................................................................1

28 U.S.C.
§ 1334 .......................................................................................1


**State Cases**                                      **Page(s)**

<u>Brewer Corp v. Point Center Financial, Inc.</u>,
223 Cal.App.4th 831, 839 (Cal. Ct. of Appeal, 2014) ..............4

<u>Coast Central Credit Union v. Superior Court</u>,
209 Cal. App.3d 703 (1989) .....................................................5

<u>Connolly Development, Inc. v. Superior Court</u>,
17 Cal.3d 803, 826-827 (1976)..................................................4

Contractors Labor Pool, Inc. v. Westway Contractors, Inc.,
52 Cal. App. 4th 152 (Ct. of Appeal, 1997)..............................................6,7


**State Statutes**                                                   **Page(s)**

California Civil Code
§ 8022 ....................................................................................................5

California Civil Code
§ 8048 ....................................................................................................5

California Civil Code
§ 8400 ..................................................................................................3,7

California Civil Code
§ 8404 ....................................................................................................5

California Civil Code
§ 8430 ....................................................................................................5

California Civil Code
§ 8450 ....................................................................................................5

California Civil Code (generally)
Title 2. Private Works of Improvement [8160 - 8848] ...........................3,7


**Other Authorities**                                               **Page(s)**

None...........................................................................................................

Appellant, Epco Consultants, Inc. (hereinafter "Epco" or "Appellant") hereby presents this opening appellate brief, seeking reversal of the bankruptcy court's judgment following the granting of appellee Crescent Associates, LLC's ("Crescent" or "Appellee") motion for summary judgment against Appellant.

## I.   STATEMENT OF JURISDICTION

This appeal arises from an order and judgment thereon of the United States Bankruptcy Court for the Central District of California, the Honorable Julia W. Brand presiding, granting Crescent Associates, LLC's motion for summary judgment against Epco Consultants, Inc.  The Bankruptcy Court had jurisdiction to enter the order and final judgment pursuant to 28 U.S.C. §§ 157(a), 157(b) and 1334.  This Court has jurisdiction over this appeal pursuant to 28 U.S.C. §158(a).

## II.   STANDARD OF REVIEW

A district court reviews a bankruptcy court's conclusions of law *de novo* and its findings of fact for clear error. In re Int'l Fibercom, Inc., 503 F.3d 933, 940 (9th Cir. 2007).  *De novo* review means the appellate court looks at the entire record before the bankruptcy court and gives no deference to the bankruptcy judge's legal conclusions.  Mixed questions of law and fact are reviewed *de novo*. Murray v. Bammer (In re Bammer), 131 F.3d 788, 792 (9th Cir. 1997).  In this matter, the Bankruptcy Court necessarily made both findings of fact and law.  Accordingly, the Bankruptcy Court's order granting summary judgment is subject to *de novo* review.

### III.   STATEMENT OF ISSUES

Epco's appeal raises the following issues:

1.   Did the Bankruptcy Court err in failing to find that EPCO Consultants, Inc. satisfied the criteria for a mechanics lien?

2.   Did the Bankruptcy Court err in finding that there was no debt owing to EPCO Consultants, Inc. by Crescent Associates, LLC?

3.   Did the Bankruptcy Court err in its application of the judicial estoppel doctrine?

4.   Did the Bankruptcy Court's errors constitute clear error sufficient to mandate reversal of the judgment?

### IV.   STATEMENT OF THE CASE

#### A.   Background Facts

In the underlying bankruptcy adversary proceeding, Epco recorded mechanic's liens against real property for work it had performed pursuant to a direct written contract with the (now prior) owners of two properties, ADY Property, LLC and Albert Malka.  Crescent, which was *not* the owner of either property at the time Epco's mechanic's liens were recorded, was a junior deed of trust lienholder of each property.  Crescent subsequently foreclosed on its liens and purchased both properties at the public foreclosure auction for a mere $5,000 each.  However, in accordance with California law, Crescent took title to the properties subject to all senior liens, including Epco's mechanic's liens.

On September 12, 2018, Crescent filed a Chapter 11 petition in the bankruptcy court.  On July 2, 2019, Crescent commenced the underlying adversary proceeding against Epco, asserting causes of action for quiet title, slander of title, cancellation of recorded documents and declaratory relief.

### B.    The Summary Judgment Motion

In the adversary proceeding, Crescent filed a motion for summary judgment (the "Motion") seeking a judicial determination that Epco's mechanic's liens were void and unenforceable.  At a hearing of the Motion, the bankruptcy court orally granted the Motion in favor of Crescent on two grounds.

First, the bankruptcy court found that Epco did not satisfy the eligibility criteria under California law to record such liens.  Second, the bankruptcy court found that the doctrine of judicial estoppel applied such that there was no underlying debt owed to Epco to support the mechanic's liens as a result of prior testimony given by Epco's principal owner, Ben Safyari, in a separate judicial proceeding.

The bankruptcy court entered a judgment against Epco based upon the grant of the Motion.  Epco timely appealed from that judgment.

This Court issued a Notice re: Bankruptcy Record Complete on September 17, 2020 which established October 19, 2020 as the deadline for the filing of an appellant's opening brief.  Upon motion of Epco, this Court granted Epco a 30-day extension of time up to and including November 18, 2020 for the filing of such brief.  This brief is, therefore, timely.

### V.    ARGUMENT

### A.    The Standard For Evaluating a Summary Judgment Motion

In evaluating a motion for summary judgment, the court does not weigh the evidence to determine the truth of the claims or issues in question.  It simply determines whether a genuine issue of material fact exists that requires a trial.  Summary judgment will not lie if the dispute about a material fact is "genuine," that is, if the evidence is such that a reasonable

trier of fact could find in favor of the nonmoving party. <u>Anderson v Liberty Lobby, Inc.</u>, 477 U.S. 242, 248-250 (1986).

Moreover, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge… on a motion for summary judgment." <u>Id</u>. at 255.  The movant has the burden of showing that there is no genuine issue of fact. <u>Id</u>. at 257.  The admissible evidence must also be viewed in the light most favorable to the nonmoving party.

**B.** **<u>California State Law Governs Evaluation of the Issues Raised by Crescent in the Motion</u>**

It is undisputed that the issues presented in Crescent's Motion, and as to which the bankruptcy court made its determination, were a matter of California state law.  This is because the issues were between two California entities and concerned the right granted in the California Constitution, namely the right to record a mechanic's lien in California.  In addition to the state constitutional provision, the state of California has also enacted a body of controlling legislation. *See* California <u>Civil Code</u>, Title 2. Private Works of Improvement [8160 - 8848], and especially sections 8400, et seq.

**C.** **<u>The Bankruptcy Court Erred in Finding That Epco Did Not Satisfy the Eligibility Criteria for a Mechanic's Lien</u>**

**1.** **<u>Mechanic's Liens in General</u>**

A mechanic's lien is a claim against real property, which may be filed if a claimant has provided labor or furnished materials for the property and has not been paid.  As mentioned, a mechanic's lien derives from the California Constitution and "courts have uniformly classified the mechanics' lien laws as remedial legislation, to be liberally construed for the protection of laborers and materialmen." <u>Brewer Corp v. Point Center Financial, Inc</u>. 223 Cal.App.4[th] 831, 839 (Cal. Ct. of Appeal, 2014), *citing* <u>Connolly</u>

Development, Inc. v. Superior Court, 17 Cal.3d 803, 826-827 (1976); see also Civil Code §§ 8400, 8404, 8430, 8450.  Once recorded, a mechanic's lien constitutes a direct lien on the improvement and the real property to the extent of the interests of the owner or the person for whom the improvement is to be constructed. Connolly, *supra* at 826.

### 2. Persons Who May Record a Mechanic's Lien

California Civil Code section 8400 states as follows:

A person that provides work authorized for a work of improvement, including, but not limited to, the following persons, has a lien right under this chapter:

(a) **Direct contractor**.

(b) Subcontractor.

(c) Material supplier.

(d) Equipment lessor.

(e) Laborer.

(f) Design professional.

(emphasis added).

"Work" is defined as including "labor, skills, services, material, supplies, equipment, appliances, power, and surveying, provided for a work of improvement." See Civil Code §§ 8022, 8048.  This means that the scope of what may be recovered for or considered part of a mechanic's lien is quite broad and liberally construed. See, e.g., Coast Central Credit Union v. Superior Court, 209 Cal. App.3d 703 (1989).

### 3. The Bankruptcy Court's Analysis of the Eligibility Issue for Recording Mechanic's Liens Was Prejudicially Erroneous

At the hearing on the Motion, the bankruptcy court expressly acknowledged that "…the mechanics lien statutes are not exclusive and do

not attempt to define specifically all persons entitled to a lien, but rather gives a lien for work done for or about a work of improvement." While the law lists classes of persons entitled to the lien, it is not an exclusive work [sic], but is 'an including but not limited to' list." <u>See</u> Hearing Transcript, p. 8 -9.

Epco asserted in its opposition to the Motion that it **contracted directly and in writing** with ADY Property LLC and Albert Malka, the (then) owners of the subject properties, as to which Crescent later foreclosed. Epco also produced evidence, in the form of both **invoices** and by way of **declaration**, that Epco incurred the following expenses in providing consulting, engineering, land-use planning and project management services for the owners in connection with the improvement of the properties: (a) out-of-pocket expenses, (b) subconsultants fees, (c) out-of-pocket payment of fees for a building permit and certificate of occupancy applications for the properties. *See* Safyari declaration, par. 6 and the exhibits thereto.

Notwithstanding this evidence, the bankruptcy court stated that the determination of whether Epco was entitled to file the mechanic's lien required an inquiry as to whether Crescent acted in the capacity of an employer of a labor force that contributes to a work of improvement itself or whether they merely organize workers to be employed and perform in an administrative capacity. The bankruptcy court stated that this inquiry was guided by the California Court of Appeal decision in <u>Contractors Labor Pool, Inc. v. Westway Contractors, Inc.</u>, 52 Cal. App. 4th 152 (Ct. of Appeal, 1997). *See* Hearing Transcript, p. 9. Notably, this case authority was only mentioned in Crescent's reply paper (and not its moving paper) in support of the Motion, which thus deprived Epco of the opportunity to respond in writing.

<u>Contractors Labor Pool</u> is inapposite to the issues presented in the Motion because that case concerned a public work, not a private work. *See*

Contractors Labor Pool, Inc., 52 Cal.App.4th at 156.  Private works are found at California Civil Code, Title 2. Private Works of Improvement [8160 - 8848], and especially sections 8400, et seq.  Title 2 was added by Stats. 2010, Ch. 697, Sec. 20.  Hence, the bankruptcy court's reliance upon Contractors Labor Pool was misplaced.

Moreover, the inquiry as to eligibility, especially in this instance, is necessarily a *fact-based* inquiry since the material facts relevant to the inquiry were unquestionably disputed.  Factual inquiries are normally reserved for trials, not summary judgment motions.  Even the court in Contractors Labor Pool acknowledged as much. Id., 52 Cal.App.4th at 163 ("Ultimately, the nature of the relationships among CLP, Westway and the Special Employees is a question of fact, on which we defer to the trial court.").

Epco's owner, Ben Safyari, provided a declaration in opposition to the Motion.  His declaration states, in part, that:

EPCO is a consulting, expediting and project management firm that has ***employed and contracted*** with licensed civil engineer, Shahriar Yadegari, who is an officer of EPCO, to perform the civil engineering services incidental to its services. EPCO is not an engineering or architectural firm. (emphasis added)

*See* Safyari declaration in opposition to the Motion, at par. 2.

The Safyari declaration also states that:

EPCO has [sic] copy of all the work products such as plans, permits and receipts. EPCO provided consulting, land-use planning and project management services for the project at the property

7

located at 3548-3548 ½ Multiview Drive, Los

Angeles, California 90068 ("Multiview Project").  A

true and correct copy of the Invoices for the

consulting, land-use planning, and project

management services provided by EPCO for the

Multiview Project are collectively attached as Exhibit

A hereto. Id., at par. 3-4.

Elsewhere in the Safyari declaration, Mr. Safyari identifies in detail the nature of the services performed pursuant to the underlying contract. *See* Safyari declaration at par. 6.

The bankruptcy court expressly considered the Safyari declaration. However, it failed to give proper consideration to all of the pertinent admissible statements on this issue.  Instead, the bankruptcy court focused only on several of the statements and found them to be merely conclusory, even though were not conclusory but evidentiary in nature.  From this flawed reasoning, the bankruptcy court then found that EPCO's services were more akin to an administrative service and, thus, insufficient to qualify as a mechanic's lienholder. *See* Hearing Transcript, at p. 11.  The bankruptcy court erred in its evaluation of Mr. Safyari's statements, and it erred in weighing them against the opposing facts presented by Crescent.

### D.  The Bankruptcy Court Erred in Finding that the Doctrine of Judicial Estoppel Barred Epco From Asserting Valid Mechanic's Liens

#### 1.  The Doctrine

The doctrine of judicial estoppel exists to prevent a party from taking contradictory positions.  Judicial estoppel is imposed at the discretion of the court.  The primary factors considered in making such a determination are (1)

is the party's later position clearly inconsistent with his earlier position; (2) did the party succeed in persuading a court to accept his earlier position; and (3) will the party seeking to assert an inconsistent position derive an unfair advantage or impose an unfair detriment on the opposing party. *See, e.g.*, New Hampshire v. Maine, 532 U.S. 742, 749 (2001); Baughman v. Walt Disney World Co., 685 F.3d 1131, 1133 (9th Cir. 2012).

> ## 2. Crescent Admitted in its Moving Papers That Epco's Mechanic's Liens are Supported by an Acknowledged Debt of at Least $40,000

Crescent's argument that it owes no debt to Epco because of Mr. Safyari's allegedly prior admissions is itself contradicted by its own moving papers in which it impliedly concedes that Epco is owed at least $40,000. *See* Crescent memorandum of points and authorities in support of Motion at p. 16, lines 22-25. Based upon this concession alone, the doctrine of judicial estoppel cannot apply.

> ## 3. The Safyari Declaration Raised a Genuine Issue of Material Fact as to Whether an Underlying Debt Was Owed to Epco

Crescent's moving papers failed to identify any testimony by Mr. Safyari explicitly stating that Epco had been paid for the services which support the mechanic's liens or that Epco had waived its rights under the mechanic's liens. Crescent's moving papers contended that Mr. Safyari's answers to questions put to him under oath in a separate judicial proceeding (the Klein litigation, LASC Case No. BC498733) concerning the existence of Epco accounts receivables was indicative of an admission that no debt was owed to support the mechanic's liens. However, Mr. Safyari's declaration clearly and unequivocally disputes this contention by establishing that his understanding of the term "receivables" was limited to whether Epco

anticipated voluntary payments from clients, not whether the pending lawsuit would yield any funds. Because Epco had apparently lost its right to sue the parties with which it had contracted due to the expiration of the statute of limitations, Mr. Safyari understandably did not anticipate that Epco would receive any money directly from those parties. *See* Safyari declaration, par. 9-11. Epco's mechanic's liens constitute a claim against the subject properties for repayment of the underlying debt, but they do not constitute a claim for personal liability against the contracting clients once the statute of limitations has run.

Both Crescent and the bankruptcy court also seemed to confuse Mr. Safyari's individual business transactions with those of Epco. Crescent mistakenly asserted that a $300,000 promissory note in Mr. Safyari's favor constituted payment on the mechanic's liens. Mr. Safyari clearly and unequivocally denied this contention in his declaration, Id., at par. 12-13.

Mr. Safyari expressly states in his declaration that:

I have never testified or asserted that EPCO has been paid for its services. I have never, on behalf of EPCO, unilaterally waive [sic] EPCO's rights to its mechanic's lien claim. When responding to a question about EPCO's accounts receivable, I understood the receivables to be the money that EPCO expected to freely receive from the clients, not a lawsuit to foreclose the PROPERTIES. It was my understanding that EPCO had lost its right for breach of contract against its client, Klein and MJK, due to the expiration of the statute of limitations and that there was no expectation of receiving any money directly from the clients for the services performed by EPCO.

*See* Safyari declaration, par. 9-11.

These are not conclusions. They are evidentiary facts. They are

disputed of course, but they are evidentiary facts nonetheless.  Nor do these statements directly conflict with Mr. Safyari's prior testimony in a separate proceeding.  Rather, they reconcile a perhaps seeming inconsistency with a clear, believable and contextual explanation.  At a minimum, these statements raise at least a triable issue of material fact as to whether an underlying debt existed sufficient to support Epco's mechanic's liens.  Unfortunately, the bankruptcy seemed to engage in an impermissible weighing of the disputed facts and rendered its decision based upon such weighing.  The problem with that approach is that the hearing was not a fact-finding exercise, but merely an application of law to whatever undisputed facts may have been found.

### E.   <u>The Bankruptcy Court's Errors Constituted Clear Error Which Mandate Reversal of the Judgment</u>

The bankruptcy court's errors are clear, and they led to a manifest injustice to Epco because judgment was entered against it as a direct result of such errors.  The only just result to remedy these errors is an order vacating entry of the judgment and a further directing the bankruptcy court to enter an order denying the Motion.

## VI.   **CONCLUSION**

For the foregoing reasons, appellant Epco Consultants, Inc. respectfully requests that the Order and subsequent Judgment of the Bankruptcy Court which granted summary judgment in favor of Appellee and against Appellant be reversed with directions to enter a new and different order denying the Motion or, alternatively, to conduct a further hearing consistent with the order of this Court.

Dated:  November 18, 2020  LAW OFFICE OF GARY R. WALLACE

       By: __/s/ Gary R. Wallace_____
         Gary R. Wallace
         Attorney for Appellant
         Epco Consultants, Inc.

## **CERTIFICATION OF INTERESTED PARTIES**
## **(CENTRAL DISTRICT LOCAL RULES 2.1 and 7.1-1)**

The undersigned, counsel of record for Appellant, certifies that the following listed party (or parties) may have a pecuniary interest in the outcome of this case. These representations are made to enable the Court to evaluate possible disqualification or recusal:

1.    Appellee/Debtor Crescent Associates, LLC, a California limited liability company;

2.    Edward Friedman (Managing Member of Crescent Associates, LLC)

3.    Appellant/Creditor Epco Consultants, Inc., a California corporation;

4.    Ben Safyari (Epco Consultants, Inc.'s owner).

Dated:  November 18, 2020          LAW OFFICE OF GARY R. WALLACE

By:  /s/ Gary R. Walace
        Gary R. Wallace
        Attorneys for Appellant
        Epco Consultants, Inc.

## **NOTICE OF RELATED CASES (CENTRAL DISTRICT LOCAL RULES 2.1 and 83-1.3)**

The undersigned certifies that the following are known related cases and appeals:

1.    *Klein v. Malka, etc. et al*., LASC Case No. BC498733.

2.    *EPCO Consultants, Inc. v. Klein, et al,* LASC Case No. BC633057.

3.    *In re Ben Safyari*, Central District Bankruptcy Case, No. 2:18-bk-18712-RK.

4.    *In re Crescent Associates, LLC*, Central District Bankruptcy Court Case No. 2:18-bk-20654-WB.

5.    *Crescent Associates, LLC v. Epco Consultants, Inc.*, Adversary Proceeding No. 2:19-ap-01199-WB (Appeal taken from this proceeding).

Dated:  November 18, 2020          LAW OFFICE OF GARY R. WALLACE

By:  /s/ Gary R. Walace
       Gary R. Wallace
       Attorneys for Appellant
       Epco Consultants, Inc.

## <u>CERTIFICATE OF COMPLIANCE</u>

This brief, exclusive of the certifications, tables of contents, and authorities and the identity of counsel at the end of the brief, is less than 4203 in text and footnotes as counted by Microsoft Word, the word processing system used to prepare this brief. This brief has been prepared in a proportionally-spaced typeface using Times New Roman 14-point font.

I certify under penalty of perjury that the foregoing is true and correct.


Dated:  November 18, 2020          LAW OFFICE OF GARY R. WALLACE

                                  By:  <u>/s/ Gary R. Walace</u>
                                       Gary R. Wallace
                                       Attorney for Appellant
                                       Epco Consultants, Inc.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 10801 National Boulevard, Suite 100, Los Angeles, CA 90064.

A true and correct copy of the foregoing document entitled **APPELLANT'S OPENING BRIEF** be served or was served **(a)** on the judge in chambers in the form and manner required by Local Rules; and **(b)** in the manner indicated below:

## I.  <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u> – Pursuant to controlling General Order(s) and Local Rule(s) of this Court, the foregoing document will be served by the court via NEF and hyperlink to the document. On **11/18/20**, I checked the CM/ECF docket for the within bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐   Service information continued on attached page

| | |
|---|---|
| **Robert M. Yaspan** | court@yaspanlaw.com |
| **Joseph Daneshrad** | daneshrad@yahoo.com |
| **Jonathan M Deer** | jdeer@tfmclaw.com |
| **Joseph G McCarty** | court@yaspanlaw.com |
| **Steven A. Morris** | morris@tfmclaw.com |

## II.  <u>SERVED BY U.S. MAIL:</u> On **11/18/2020**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐   Service information continued on attached page

**The Honorable Julie W. Brand**
***United States Bankruptcy Court***

255 E. Temple Street, Suite 1382
Los Angeles, CA 90012

**The Honorable John W. Holcomb**
***United States District Court***
George E. Brown, Jr. Federal Building and
United States Courthouse, 3470 12th St.,
Riverside, CA 92501, Courtroom 2

**III. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, On _____, I served the following person(s) and/or entity(ies) by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed._

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 11/18/2020 | Gary R. Wallace | /s/ Gary R. Wallace |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

17