cc: USBK

JS-6

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| IN RE CRESCENT ASSOCIATES, LLC,<br><br>  Debtor, | Case No. 2:20-cv-07298-JWH |
|---|---|
| EPCO CONSULTANTS, INC.,<br><br>  Appellant,<br><br>  v.<br><br>CRESCENT ASSOCIATES, LLC,<br><br>  Appellee. | **MEMORANDUM OPINION RE APPEAL FROM ORDER OF THE BANKRUPTCY COURT GRANTING SUMMARY JUDGMENT** |

## I.  INTRODUCTION

Appellant EPCO Consultants, Inc., appeals the order of the bankruptcy court granting the motion of Debtor-Appellee Crescent Associates, LLC, for summary judgment.[1]  For the reasons set forth below, this Court **AFFIRMS**.

## II.  BACKGROUND

This bankruptcy appeal concerns the validity of two mechanics' liens filed by EPCO for services that it performed in relation to the construction of two single-family homes commonly known as 3548 and 3548 1/2 Multiview Drive, Los Angeles, CA, 90068 (the "Properties").[2]  On June 15, 2016, EPCO recorded the following two mechanics liens:

1. against the real property located at 3548 1/2 Multiview Drive Los Angeles, CA, 90068 (the "3548 1/2 Property") in the total amount of $139,813.45, claimed for "labor, services, equipment or materials, consulting, engineering, land-use planning, and project management";[3] and

2. against the real property located at 3548 Multiview Drive Los Angeles, CA, 90068 (the "3548 Property") in the total amount of $140,292.35, claimed for "labor, services, equipment or materials, consulting, engineering, land-use planning, and project management."[4]

---

[1] *See* Notice of Appeal and Statement of Election (the "Notice") [ECF No. 1]; Appellant's Opening Br. (the "Appellant's Brief") [ECF No. 17]. References to documents filed in Crescent's bankruptcy case, *In re Crescent Associates, LLC*, No. 2:18-bk-20654-WB, are cited herein as "BK ECF No." followed by the document number on the bankruptcy court's docket. References to documents filed in the underlying bankruptcy adversary proceeding, *Crescent Associates LLC v. EPCO Consultants Inc.*, No. 2:19-ap-01199-WB, are cited herein as "ADV ECF No." followed by the document number on the adversary proceeding docket.

[2] *See* Appellee's Reply Br. (the "Appellee's Brief") [ECF No. 24] at 4.

[3] *See* Claim of Mechanics Lien (3548 1/2 Property) [ADV ECF No. 27-1 at ECF pp. 64–67].

[4] *See* Claim of Mechanics Lien (3548 Property) [ADV ECF No. 27-2 at ECF pp. 3–6].

-2-

In May of 2018, Crescent purchased the Properties at a foreclosure sale held after the former owners, MJK 18, LLC and ADY Properties, LLC, defaulted on loans that they received to finance their development of the Properties.[5]

On September 12, 2018, Crescent filed a petition under Chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Central District of California,[6] thereby commencing bankruptcy case No. 2:18-bk-20654-WB.[7] On July 2, 2019, Crescent filed a Complaint[8] against EPCO, thereby commencing adversary proceeding No. 2:19-ap-01199-WB (the "Adversary Proceeding"). Through its Complaint, Crescent sought a judicial determination of the validity, priority, or extent of the liens claimed by EPCO against the Properties pursuant to Rule 7001(2) of the Federal Rules of Bankruptcy Procedure.[9]

Crescent moved for summary judgment in the Adversary Proceeding on April 7, 2020.[10] In its Motion, Crescent identified seven potential bases for summary judgment.[11] EPCO timely opposed,[12] and Crescent timely replied.[13] The bankruptcy court conducted a hearing on June 23, 2020,[14] and granted the Motion, holding that (1) EPCO did not satisfy the criteria for filing a mechanics

---

[5] *Id.*; *see also* Trustee's Deed Upon Sale [ADV ECF No. 27-6 at ECF p. 74].
[6] Unless otherwise indicated, all chapter and section citations refer to the Bankruptcy Code, 11 U.S.C. §§ 101–1532.
[7] *See* Chapter 11 Voluntary Pet. [BK ECF No. 1].
[8] *See* Compl. (the "Complaint") [ADV ECF No. 1].
[9] *See id.* ¶¶ 7 & 8; *see also* Appellee's Brief at 4.
[10] *See* Pl.'s Mot. for Summ. J. (the "Motion") [ADV ECF No. 21].
[11] *See generally id.*
[12] *See* Def.'s Opp'n to the Motion (the "Opposition") [ADV ECF No. 30].
[13] *See* Pl.'s Reply in Supp. of the Motion [ADV ECF No. 34].
[14] *See* Tr. of Proceedings Jun. 23, 2020 (the "Transcript") [ADV ECF No. 38]. The Court notes that counsel for EPCO did not appear at the hearing until after the bankruptcy court made its oral ruling on the Motion, and, thus, the bankruptcy court declined to hear further oral argument from EPCO's counsel. *See id.* at 17:18–18:15.

lien under California law;[15] and (2) EPCO was judicially estopped from claiming that a debt was owed to EPCO.[16] On August 6, 2020, the bankruptcy court entered a written order granting the Motion[17] and concurrently entered judgment in favor of Crescent.[18]

EPCO timely appealed the bankruptcy court's order.[19] The appeal is fully briefed, and the Court finds this matter appropriate for resolution without a hearing.  *See* Fed. R. Bankr. P. 8019(b)(3); L.R. 7-15.

### III. JURISDICTION

The bankruptcy court had jurisdiction over Crescent's bankruptcy case and the related Adversary Proceeding, including the motion that is the subject of this appeal, pursuant to 28 U.S.C. §§ 1334 & 157(b)(2)(K).  This Court has jurisdiction over this appeal under 28 U.S.C. § 158(a).

### IV. ISSUES

The issues on appeal, as presented by the parties, are as follows:[20]

1. whether the bankruptcy court erred in finding that EPCO failed to satisfy the criteria for a mechanics lien;

2. whether the bankruptcy court erred in finding that there was no debt owing to EPCO by Crescent;

3. whether the bankruptcy court erred in its application of the judicial estoppel doctrine; and

4. whether the bankruptcy court's errors constitute clear error mandating reversal of judgment.

---

[15]  *See id.* at 4:21–24 & 8:4–12:4.
[16]  *See id.* at 4:24–5:7 & 12:5–17:2.
[17]  *See* Order Granting Motion [ADV ECF No. 45].
[18]  *See* Judgment [ADV ECF No. 46].
[19]  *See generally* Notice.
[20]  *See* Appellant's Brief at 2; Appellee's Brief at 2 (agreeing with EPCO's statement of issues).

## V. **STANDARD OF REVIEW**

This Court reviews a bankruptcy court's grant of summary judgment *de novo*. *See In re Bullion Reserve of N. Am.*, 922 F.2d 544, 546 (9th Cir. 1991) (citation omitted). Under that standard, the Court "must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the [trial] court correctly applied the relevant substantive law." *Id.* (citations omitted). In other words, the Court considers "only whether summary judgment was proper, and not the precise reasoning of the trial court." *In re Gertsch*, 237 B.R. 160, 166 (B.A.P. 9th Cir. 1999). "On a motion for summary judgment, all reasonable inferences are drawn in favor of the non-moving party." *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citation omitted). The Court "may affirm the grant of summary judgment on any basis supported by the record." *Id.* (citation omitted).

## VI. **DISCUSSION**

### A. **Mechanics-Lien-Criteria Issue**

The bankruptcy court determined that Crescent was entitled to summary judgment because EPCO did not satisfy the criteria to be eligible for a mechanics lien under California law.[21] EPCO contends that the bankruptcy court's finding was erroneous.[22]

California law provides, in pertinent part, the following:

> A person that provides work authorized for a work of improvement, including, but not limited to, the following persons, has a lien right under this chapter:
>
> (a) Direct contractor.
> (b) Subcontractor.

---

[21] *See* Transcript 4:21–24 & 8:4–12:4.
[22] *See* Appellant's Brief 5–8.

-5-

    (c) Material supplier.

    (d) Equipment lessor.

    (e) Laborer.

    (f) Design professional.

Cal. Civ. Code § 8400.[23]  California law defines the term "work" in this context to mean "labor, service, equipment, or material provided to a work of improvement." *Id.* § 8048. "'Labor, service, equipment, or material' includes, but is not limited to, labor, skills, services, material, supplies, equipment, appliances, power, and surveying, provided for a work of improvement." *Id.* § 8022. "Work of improvement" means, in relevant part, "[c]onstruction, alteration, repair, demolition, or removal, in whole or in part, of, or addition to, a building . . . ." *Id.* § 8050(a)(1). Put succinctly, "[a] 'mechanic' in this context is one who has supplied materials or labor for the improvement of real property . . . ." *Howard S. Wright Construction Co. v. BBIC Investors, LLC*, 136 Cal. App. 4th 228, 237 (2006). The burden is on the lien claimant to establish the validity of its lien. *See id.* at 237–38; *see also Sukut Constr., Inc. v. Rimrock CA LLC*, 199 Cal. App. 4th 817, 834 (2011), *superseded by statute on other grounds* Cal. Civ. Code § 3060, *amended by* 2012 Cal. Stat. ch. 263, § 2.

    In its Opposition filed in the bankruptcy court, EPCO argued that the services that it performed in relation to the construction of the Properties satisfy the criteria for a mechanics lien.[24] In support of that argument, EPCO submitted a declaration by Ben B. Safyari, the owner of EPCO, with documentary exhibits. For the reasons explained below, this Court concludes that EPCO's evidence was not sufficient to show that it was entitled to a mechanics lien.

---

[23]  The terms set forth in Subsections (a)-(f) of Cal. Civ. Code § 8400 are defined in Cal. Civ. Code §§ 8014–8046.

[24]  *See* Opposition 4:1–7:1.

-6-

> Safyari testified, in pertinent part, that:
>
> > EPCO is a consulting, expediting and project management firm, that has employed and contracted with licensed civil engineer, Shahriar Yadegari, who is an officer of EPCO, to perform the civil engineering services incidental to its services. EPCO is not an engineering or architectural firm.[25]

This Court concludes, as the bankruptcy court did below, that Safyari's testimony is "conclusory" in that it fails to explain "what it was that Safyari did and [EPCO] did with respect to the project."[26] Nor is there any apparent connection between Yadegari and the construction of the Properties. Safyari merely states that EPCO employed Yadegari to perform services incidental to EPCO's services, but Safyari does not explain what Yadegari's services were nor how Yadegari performed those services in relation to the construction project.

  Nor is the Court persuaded by EPCO's argument—that Safyari's testimony that EPCO incurred out-of-pocket expenses and subconsultants fees in connection with EPCO "consulting, engineering, land-use planning and project management services for the Multiview Project"[27]—supports a finding that EPCO qualified for a mechanics lien. The fact that EPCO incurred fees and expenses in connection with its services does not, by itself, mean that EPCO qualifies for a mechanic's lien. *See Primo Team, Inc. v. Blake Construction Co.*, 3 Cal. App. 4th 801, 810 (1992) (rejecting lien claimant's argument that it was entitled to reimbursement of funds advanced in connection with a work of improvement). Thus, in the absence of additional evidence establishing that the

---

[25] Decl. of Ben B. Safyari in Supp. of the Opposition (the "Safyari Decl.") [ADV ECF No. 32] ¶ 2.

[26] Transcript 11:16–18.

[27] Safyari Decl. ¶ 6.

nature of EPCO's services qualifies it for a mechanic's lien, the evidence showing that EPCO incurred out-of-pocket expenses is not enough.

In this regard, the documentary evidence that EPCO submitted generally shows that EPCO's "consulting" and "project management" services were administrative. For example, the majority of EPCO's invoices state something to the effect of: "Organized/Prepared Plans, and documents for meeting with City Department of Building & Safety Officials and prepared modified Documents to obtain the building permits for the proposed Single Family Dwelling."[28] But those administrative services do not qualify as "work" performed for "a work of improvement" under the mechanic's lien statute. *See Contractors Lab. Pool, Inc. v. Westway Contractors, Inc.*, 53 Cal. App. 4th 152, 158–160 (1997); *Primo Team*, 3 Cal. App. 4th at 807–811. Indeed, even if the services that EPCO performed were generally beneficial to the project, there is no evidence showing that the services provided were "bestowed *on the work of improvement* within the contemplated purpose of the mechanic's lien law." *Primo Team*, 3 Cal. App. 4th at 810–811 (emphasis in original).

In sum, EPCO failed to satisfy its burden to show that the services that it provided qualified as "work" (*i.e.*, "[l]abor, service, equipment, or material," Cal. Civ. Code § 8022) performed "for" the construction of the Properties. *See* Cal. Civ. Code § 8400; *Primo Team*, 3 Cal. App. 4th at 810–811. Accordingly, this Court **AFFIRMS** the bankruptcy court's grant of summary judgment in favor of Crescent and against EPCO.

B. **Other Issues**

In view of the foregoing, the Court need not consider the remaining questions raised in this appeal. *See In re Slatkin*, 525 F.3d at 810 (the court

---

[28] *See* Def.'s Req. for Judicial Notice in Supp. of the Opposition (the "Opposition Evidence") [ADV ECF No. 33] at ECF p.5; *see generally id.* at ECF pp. 6–63 (EPCO invoices).

"may affirm the grant of summary judgment on any basis supported by the record").

## VII.  DISPOSITION

For the foregoing reasons, this Court **AFFIRMS** the order of the bankruptcy court granting summary judgment in favor of Crescent and against EPCO.

**IT IS SO ORDERED.**

Dated: September 7, 2021

John W. Holcomb
UNITED STATES DISTRICT JUDGE